UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY J. FLETCHER<br><br>Plaintiff<br><br>v.<br><br>STANDARD INSURANCE COMPANY; VIRGINIA MASON MEDICAL CENTER as Plan Administrator; and its LONG TERM DISABILITY INSURANCE Plan,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATION OF RIGHTS TO LONG-TERM DISABILITY BENEFITS AND FOR RECOVERY OF BENEFITS |

COMES NOW THE PLAINTIFF, Gregory J. Fletcher, and alleges as follows:

### I. NATURE OF ACTION

1.1  This action is for a determination of Plaintiff's rights to benefits under a long-term disability plan, and to recover such benefits.

1.2  This action arises under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and specifically under 29 U.S.C. § 1132(a)(1)(B).

### II. JURISDICTION AND VENUE

2.1  This Court has jurisdiction of this matter under 29 U.S.C. § 1132(e).

COMPLAINT FOR DECLARATION OF RIGHTS
AND FOR RECOVERY OF BENEFITS - Page 1

10875.1 ia253401

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

2.2  Venue is proper in this Court.

### III.  PARTIES

3.1  Plaintiff Gregory J. Fletcher is an adult residing in the Western District of Washington.

3.2  Defendant Standard Insurance Company of America is a foreign corporation engaged in the business of insurance and authorized to sell insurance in Washington State.  This Defendant is sometimes referred to below as "Standard Insurance Company" or "Standard."

3.3  Defendant "Long Term Disability Insurance" is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3), and is referred to herein as "the Plan."

3.4  Defendant Virginia Mason Medical Center is the Plan Administrator of the Plan.

### IV.  FACTUAL ALLEGATIONS

4.1  Defendant "Long Term Disability Insurance"  is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).

4.2  The Plan provides long-term disability insurance to various employees of Virginia Mason Medical Center.

4.3  Standard Insurance Company insures the Plan, under a group policy of insurance denominated 643083-B.

4.4  Standard Insurance Company administers claims under the Plan, and purports to have authority to resolve long-term disability benefit claims under the Plan.

4.5  Standard Insurance Company provides certain administrative services to the Plan, including evaluation of long-term disability claims made under the plan.

4.6  Standard Insurance Company is a "fiduciary," within the meaning of 29 U.S.C. § 1002(21), with respect to the Plan.

COMPLAINT FOR DECLARATION OF RIGHTS
AND FOR RECOVERY OF BENEFITS - Page 2

10875.1 ia253401

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

4.7  The Plan provides long-term disability benefits to qualified participants who are employees of Virginia Mason Medical Center.

4.8  Defendant Virginia Mason Medical Center is an "administrator," within the meaning of 29 U.S.C. § 1002(16), of the Plan.

4.9  Mr. Fletcher was employed by Virginia Mason Medical Center as a charge nurse, at its Bailey-Boushay House in Seattle, Washington.

4.10  Plaintiff was an "employee" of Virginia Mason Medical Center, as defined under ERISA, 29 U.S.C. § 1002(6), at all times relevant to this Complaint.

4.11  Mr. Fletcher is a "participant," within the meaning of 29 U.S.C. § 1002(7), of the Plan.

4.12  Mr. Fletcher is a "beneficiary," within the meaning of 29 U.S.C. § 1002(8), of the Plan.

4.13  The Plan defines "disability" as follows:

> You are Disabled from your Own Occupation if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder:
>
> 1. You are unable to perform with reasonable continuity the Material Duties of your Own Occupation; and
>
> 2. You suffer a loss of at least 20% in your Indexed Predisability Earnings when working in your Own Occupation.

4.14 After a 180-day "benefit waiting period," the Plan pays long-term disability benefits if a beneficiary is "disabled" within the meaning of the Plan.

4.15  On or about May 27, 2013, Mr. Fletcher became disabled within the meaning of the Plan. Because of injury, he was unable to perform with reasonable continuity the material duties of his own occupation.

COMPLAINT FOR DECLARATION OF RIGHTS
AND FOR RECOVERY OF BENEFITS - Page 3

10875.1 ia253401

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

4.16  Mr. Fletcher applied for long-term disability benefits under the Plan.

4.17  On January 23, 2014, Standard Insurance Company advised Mr. Fletcher that he became disabled within the meaning of the Plan on or about May 27, 2013, and that, following the Plan's 180-day waiting period, the first day benefits were to be paid was November 23, 2013.

4.18  Also on January 23, 2014, Standard advised Mr. Fletcher it had determined he no longer met the Plan's definition of disability after December 8, 2013.

4.19  Standard's determination that Mr. Fletcher did not meet the Plan's definition of disability after December 8, 2013 was incorrect, as Mr. Fletcher remained disabled within the meaning of the Plan in that, due to injury, he was unable to perform with reasonable continuity the material duties of his own occupation.

4.20  Mr. Fletcher appealed Standard's determination that he no longer met the Plan's definition of disability after December 8, 2013.

4.21  On May 13, 2014, the Social Security Administration determined that Mr. Fletcher became disabled on May 27, 2014.

4.22  Mr. Fletcher advised Standard that the Social Security Administration determined he was disabled within the meaning of the Social Security Act.

4.23  Mr. Fletcher provided Standard medical records and reports from his treating physicians stating that he was disabled within the meaning of the Plan.

4.24  Standard, as it regularly does in such circumstances, called upon purportedly independent medical reviewers who have shown a high propensity of supporting it claims decisions, to provide an opinion that would justify its termination of Mr. Fletcher's disability benefits effective December 8, 2013.

COMPLAINT FOR DECLARATION OF RIGHTS
AND FOR RECOVERY OF BENEFITS - Page 4

10875.1 ia253401

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

4.25  Although it had the right to do so under the insurance policy at issue, Standard did not have Mr. Fletcher physically examined by a licensed physician.

4.26  Standard disregarded the opinions and conclusions of Mr. Fletcher's treating physicians.

4.27  Standard disregarded the Social Security Administration determination that Mr. Fletcher was totally disabled from any gainful employment.

4.28  Standard's corporate culture pressures claims personnel to deny and terminate claims, as well as to deny appeals, in order to reduce the amount of monthly benefits paid.

4.29  Employees of Standard Insurance company who save Standard money by terminating or denying claims are more likely to be rewarded with favorable employment reviews, including financial compensation, compared with employees who do not.

4.30  Standard's actions demonstrate a clear intent to terminate Mr. Fletcher's benefits regardless of any proof he submitted.

4.31  At all times material, Standard was acting as a fiduciary in the administration of Mr. Fletcher's claim under ERISA.

4.32  Standard denied Mr. Fletcher's appeal on September 26, 2014.

4.33  Mr. Fletcher has exhausted his administrative remedies under the Plan.

4.34  Standard was both the decision-maker with respect to Mr. Fletcher's claim for Long-term disability benefits, and the entity that would pay those benefits.

4.35  Because it was both decision-maker and the payor with respect to Mr. Fletcher's claim for long-term disability benefits, Standard had a conflict of interest.

4.36  Standard's conflict of interest affected its management of Mr. Fletcher's claim for long-term disability benefits and was a reason for its denial of his application for benefits.

COMPLAINT FOR DECLARATION OF RIGHTS
AND FOR RECOVERY OF BENEFITS - Page 5

10875.1 ia253401

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

4.37  Mr. Fletcher became disabled within the meaning of the Plan on or about May 27, 2013 and has remained disabled within the meaning of the Plan to the present.

## V.  STATEMENT OF CLAIMS

5.1  Mr. Fletcher re-alleges and incorporates by reference Paragraphs 4.1 through and including 4.37 above.

5.2  Mr. Fletcher became disabled within the meaning of the Plan on or about May 27, 2013, and remains disabled to the present.

5.3  Mr. Fletcher has been continuously eligible and entitled to receive long-term disability benefits under the Plan since November 23, 2013.

5.4  By refusing to pay long-term disability benefits to Mr. Fletcher after December 8, 2013, despite his continuing eligibility to receive those benefits, Defendants violated the terms of the Plan and denied Mr. Fletcher his rights under that Plan.

5.5  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Mr. Fletcher seeks to recover the long-term disability benefits due him under the Plan, to enforce his rights under the Plan, and to clarify his rights to future benefits under the Plan.

5.6  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Mr. Fletcher seeks a Declaration from this Court, as described below in his Prayer for Relief, that he has been continuously eligible and entitled to long-term disability benefits under the Plan since December 9, 2013.

## VI.  PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

6.1  That this Court declare that Plaintiff became disabled within the meaning of the Plan as of May 27, 2013, and has been continuously disabled under the terms of the Plan since that

COMPLAINT FOR DECLARATION OF RIGHTS
AND FOR RECOVERY OF BENEFITS - Page 6

10875.1 ia253401

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

time, and thus eligible and entitled to receive long-term disability benefits provided by the Plan since December 9, 2013;

    6.2  That this Court declare that Defendants, by denying Plaintiff long-term disability benefits since December 9, 2013, violated the terms of the Plan and denied Plaintiff his rights under the Plan;

    6.3  That this Court order the Defendants to pay Plaintiff all long-term disability benefits accrued and unpaid at the time of trial, together with interest;

    6.4  That this Court award Plaintiff his attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

    6.5  That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

DATED this 27th day of January, 2015.

                MacDONALD HOAGUE & BAYLESS

                By s/*Mel Crawford*
                    Mel Crawford, WSBA #22930
                    MacDonald Hoague & Bayless
                    705 Second Avenue; Suite 1500
                    Seattle, WA  98104
                    Telephone: (206) 622-1604
                    Fax: (206) 343-3961
                    E-mail: melc@mhb.com
                Attorneys for Plaintiff

COMPLAINT FOR DECLARATION OF RIGHTS
AND FOR RECOVERY OF BENEFITS - Page 7

10875.1 ia253401

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961